State of New Mexico
First Judicial District Court
Santa Fe County

Scott M. Thornton,
      Plaintiff,

vs.

GEO Group, Inc., et al.,
      Defendants.

No. D-101-CV-2013-02834

## Supplemental Complaint

Comes Now the Plaintiff, Scott M. Thornton, and supplements his original complaint to add the following claims and defendants. Plaintiff states:

1. The foregoing Supplemental Complaint addresses claims related to those claims already raised in Plaintiff's original complaint, to include:

    a. Plaintiff has been denied equal protection of laws, and has knowingly been subjected to excessive hand pain, by denial of a typewriter.

    b. Defendants knowingly misrepresent the legal services available to Plaintiff, an out-of-state prisoner from Oklahoma.

    c. Defendants knowingly falsified misconduct and pre-hearing detention reports, and deprived Plaintiff of personal property, as

-1-



AUG 1 4 2014

a means of retaliation for Plaintiff's lawful pursuit of legal redress of legitimate complaints.

d. Defendants knowingly create obstructions to Plaintiff's pursuit of legal access.

e. Defendants knowingly disguise accounting errors through bundling of debits that prevents expenditure tracking.

f. Defendants have failed to acknowledge informal complaints to Warden; process informals and grievances due to conflict with Grievance Officer; submit appeal(s) to Grievance Administrator; or otherwise allow unfettered access to the grievance process, absent total denial or manipulation.

2. Addition of GEO Group defendants, represented by Henson, Allen and Wosick, and herein by April D. White, includes:

    a. James Janecka, LCCF Warden
    b. Deputy Warden Beaird, Security
    c. Captain Candarco
    d. Lt. Pyr
    e. Officer Gonzales, H.U.-4
    f. Sgt. Gomez, Alt. Grievance Officer
    g. I. Maldonado, Inmate Accounts Manager
    h. Recreation Director Felts.

3. Addition of NMCD employees, represented by NMCD's Office of General Counsel, and herein by Michelle Bowdon, includes:

    a. Ellen Gonzales, Corrections Compact Coordinator
    b. Sean Shannon, Legal Access Monitor
    c. Jerry Roark, Director of Adult Prisons
    d. Larry Phillips, Grievance Appeals Manager
    e. Valerie Naegele, NMCD Contract Monitor

-2-

4. Waiver of additional service, in an effort to reduce and avoid unnecessary costs, is agreed to by opposing counsels.

5. Concerning the claims raised for the first time herein, Plaintiff filed notice of claims on 10/9/13, 11/25/13 and 6/30/14 with the Risk Management Division, to the extent that Plaintiff

6. Plaintiff simultaneously raises constitutional claims under 42 U.S.C. §1983, for those violations attributed to NMCD public employees not subject to suit under New Mexico's Tort Claims Act, §41-4-1, et seq., NMSA 1978.

7. Private prison employees are not "public employees" and enjoy no immunity under the Tort Claims Act for negligent breach of duty. See Giron v. C.C.A., 14 F.Supp.2d 1245 (1998). Policies relevant to the claims herein provide the contours of "duty" for Geo Group, Inc., as well as the named Geo Group Defendants; and, the legislature has made clear that private prison contractors have no discretion in A.C.A. accreditation or with compliance of NMCD policies and procedures. See NMSA 1978 §31-20-2(G).

8. Private prison employees are also not entitled to qualified immunity from a prisoner suit charging a violation of §1983. Richardson v. McKnight, 521 U.S. 399, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997).

9. Facts pertinent to the new claims, addition of Defendants, and expanded demand for damages are as follows:

    a. Defendants have arbitrarily denied, despite a showing of cause, the acquisition of a typewriter that's necessary for Plaintiff's preparation of documents in this action, future actions, and hopefully, the Oklahoma challenge to his conviction once his right of legal access is restored.
    Plaintiff cited as cause: (1) that policy is susceptible

- 3 -

to exception; (2) that Defendant's have invoked exception under similar circumstances, allowing Arizona-inmate Larry Prince to acquire a typewriter; (3) that like Mr. Prince, Plaintiff's home state provides for use of typewriters/word processors in document preparation to comply with format requirements of courts; and to his most compelling reason, (4) Plaintiff's right hand deformity and intense arthritis, which limits writing to short periods, often threatening pleading quality.

Plaintiff seeks equal treatment and an exception to the very policy Defendants make exception to on a regular basis.

b. In February, 2012, Ellen Gonzales falsely advised her Oklahoma counterpart, Compact Coordinator Staci Bliss, that she and Sean Shannon would provide Plaintiff legal assistance and copies of case law materials. As a result, Plaintiff's access to Oklahoma legal assistance is no longer available. Considering New Mexico's lack of legal access, Plaintiff has experienced 29+ months unable to pursue any action with sufficient resources, and awareness of the arguments — for and against — to enable a reasonably fair adversarial testing of claims. Opposing counsel, in this or any action, enjoys research opportunities and access to laws that will always trump Plaintiff's position. Legal access is more than a well-written policy that describes a program, there must be application of that policy, of which evidence proves there's not.

c. Captain Candarco, C.O. Gonzales and Lt. Ply acted in concert, one with the other, to fabricate an accusation against Plaintiff, and segregate him as a means of retaliation for his legitimate pursuit of redress for grievances, most of which were in response to the

-4-

repeated acts of reprisal by Elizondo, Captain Candarco's former girlfriend and mother of their child. A warning, months earlier, would have prepared Plaintiff for such a event, but he failed to envision three (3) officers joining together in a common scheme to inflict an unjust punishment.

The sheer impossible nature of C.O. Gonzales' claim, along with this disproportionate response of Candarco, and false PHD placement form by Lt. Ply may have saved Plaintiff. Warden Beard made a showing he was displeased, making C.O. Gonzales watch seasoned officers conduct a proper count; and for reasons yet discovered, Candarco was given time off.

Individually the acts of Candarco, Gonzales and Ply offend any sense of ethical conduct. Together, they used their false information, positions of authority and their abuse of power to inflict a punishment on Plaintiff that cannot be considered a normal aspect of prison life. Even now, nine (9) months later, Plaintiff suffers anxiety each time Candarco approaches him. Gonzales continues to work Hill-4, and Plaintiff avoids close proximity and conversation. The impulse for fabricating misconduct is still part of her, and Plaintiff hasn't had a report for 20 years.

d. Plaintiff was first denied copies by Burris, which prompted Cooper to enlist Elizondo to provide all out-of-state copies to Plaintiff, a function she stated quite clearly that she didn't want to be responsible for. Every request was stalled by Elizondo's express need to consult Cooper. Elizondo refused copies as reprisal for Plaintiff's complaints, and stated as much. Upon service of this civil action, Elizondo had just one more reason not to do her job, as Gomez admits in Grievance #14-01-42. At the department level appeal, Roark's designee stated: "it is your responsibility to find another staff member to copy your material...." It's apparent this

-5-

person has no concept of the near segregated status of GP-1 inmates at LCCF, who enjoy little movement. Also, he's not familiar with *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), which emphasizes that it is the States, NOT Plaintiff, that is required to shoulder affirmative obligations to assure all prisoners meaningful access to the courts. See also *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). Certainly it is LCCF's responsibility to provide necessary copies, and professionalism must rise above conflict to perform one's duty.

e.  Defendant Maldonado has been debiting Plaintiff's account for more than 18 months, collecting funds for copies and mailing.

In the first months, each copy request and mailing cost was debited individually, which allowed Plaintiff to accurately track his account. This scrutiny resulted in discovery of instances of double-debiting, which was unfortunate but simple to fix. Instead, a practice of "bundling" debits started, and multiple copy/mailing costs were removed in large sums, making account tracking impossible, and double-debiting undetectable.

Plaintiff is certain his account has been debited in an excessive amount, a fact only discernable by a reworking of his account, using a single entry method. A checking account is similar. Plaintiff wouldn't enter a day's worth of checks in a single evening entry. Proper accounting demands more of a commitment to account tracking.

f.  Defendants have failed to protect Plaintiff's right to invoke the grievance process, by:

> • Causing grievances or informal complaints, that are clearly addressed to the Warden, (Janecka), to be returned to Elizondo for any reason when Sec A.8. of CD-150501 is applicable. (See e.g., #131084 — the stamp and writing is uniquely Elizondo's; #150721 — same;

-6-

#140165 AND #14-01-42 ~ THE DECISION IS ELIZONDO'S; GOMEZ SIGNED AS "ALTERNATE GRIEVANCE OFFICER"; #130286; #1312108 AND #14-01-11 ~ ELIZONDO'S DECISION, GOMEZ' SIGNATURE; #120877; #1207138)

- FAILING TO PROTECT COMPLAINTS FROM WILLFUL MISHANDLING: (SEE E.G., 10/31/13 COMPLAINT AGAINST ELIZONDO/MAILROOM FOR DIVERSION OF #191084; 10/31/13 COMPLAINT AGAINST CANDARCO/GONZALES; 11/11/13 GRIEVANCE ~ ELIZONDO/MAILROOM; 11/11/13 GRIEVANCE ~ CANDARCO/GONZALES; 11/18/13 COMPLAINT ~ ELIZONDO - COPIES)

- MANIPULATION OF DATES OF RECEIPT ~ #140254 AND #14-03-11)

- UNWARRANTED/UNSUPPORTABLE REJECTIONS ~ #130557; #1310152; #131233; #13-05-26)

- FAILING TO PROCESS COMPLAINTS ~ 11/23 & 11/24/13 COMPLAINT OF CLARK; 12/18/13 COMPLAINT OF CLARK.

- FAILING TO PROVIDE REQUISITE NOTICE ~ #1312108 AND #14-01-11

- VIOLATING CONFIDENTIALITY AND OPENING INVESTIGATION TO QUESTION POSSESSION OF MEDICAL RECORDS THAT ARE PERFECTLY APPROPRIATE TO POSSESS ~ #140212 AND #14-02-06

10. EXPANDED RELIEF INCLUDES:

   a. AGREEMENT THAT PLAINTIFF IS UNIQUELY SITUATED, LIKE SIMILAR SITUATION WITH ARIZONA-INMATE LARRY PRINCE, TO WARRANT POLICY WAIVER AND PERMISSION TO ACQUIRE TYPEWRITER.

   b. $25,000.00 FOR ELLEN GONZALES' FALSE LEGAL ACCESS ASSURANCE, AND FOR THE RESULTING DENIAL OF OKLAHOMA LEGAL ASSISTANCE.

   c. $75,000.00 FOR MALICIOUS, EVIL, RETALIATORY CONDUCT OF CANDARCO,

-7-

Gonzales and Plt, which was intentional violation of constitutional rights under 8th and 14th Amendments.

Replacement of ballcap that Candarco snatched out of Plaintiff's hand, and threw on H.U.-4, D-Space floor.

d. $20,000.00 for repeat, intentional reprisals through denial of copies, and disregard for Plaintiff's 14th Amendment rights.

e. Correction of account to show single debit entries; replacement of any double-debiting funds; and, future single debit entries as accounting method.

f. Change procedure for delivery, processing and responding to complaints and grievances that are submitted per Sec. A.8. of CD-150501;

$25,000.00 for acts detrimental Plaintiff's 1st Amendment right to file grievances, and be free of acts of reprisal, either directly or through acts of third parties.

g. Any further relief deemed appropriate under the circumstances of this case.

Approved as to Form:

_Scott M Thornton_
Scott M. Thornton, #44558
LCCF
6900 W. Millen Dr.
Hobbs, N.M. 88244

_____
April D. White, Attorney/Geo Group

_____
Michelle Bowdon, General Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SCOTT THORNTON,

    Plaintiff,

vs.                                        Cause No. _____

GEO GROUP, INC.; NEW MEXICO
CORRECTIONS DEPARTMENT;
GREGG MARCANTEL, SECRETARY
OF CORRECTIONS; WALTER
COOPER, PROGRAMS WARDEN;
DWAYNE BURRIS; L. ELIZONDO,
GRIEVANCE OFFICER; SGT. FELTS;
KEEFE COMMISSARY SALES, JAMES
JANECKA, DEPUTY WARDEN BEAIRD,
CAPTAIN CONDARCO, LT. PLY,
OFFICER GONZALES, SGT. GOMEZ,
I. MALDONADO, RECREATION
DIRECTOR FELTS, ET AL.,

    Defendants.

## CONSENT TO REMOVAL

    Defendants GEO Group, Inc., Warden Cooper, D. Burris, L. Elizondo, and Sgt. Felts hereby consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(C).

Signed by:

YENSON, ALLEN & WOSICK, P.C.

*/s/ April D. White*
April D. White
*Attorneys for Defendants GEO Group, Inc.,*
*Cooper, Burris, Elizondo, Sgt. Felts, Janecka, Beaird,*
*Condarco, Gonzales, Gomez, Maldonado and RD Felts*
4908 Alameda Blvd NE
Albuquerque, NM 87113-1736
(505) 266-3995
awhite@ylawfirm.com



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SCOTT THORNTON,

    Plaintiff,

vs.                                      Cause No. _____

GEO GROUP, INC.; NEW MEXICO
CORRECTIONS DEPARTMENT;
GREGG MARCANTEL, SECRETARY
OF CORRECTIONS; WALTER
COOPER, PROGRAMS WARDEN;
DWAYNE BURRIS; L. ELIZONDO,
GRIEVANCE OFFICER; SGT. FELTS;
KEEFE COMMISSARY SALES, JAMES
JANECKA, DEPUTY WARDEN BEAIRD,
CAPTAIN CONDARCO, LT. PLY,
OFFICER GONZALES, SGT. GOMEZ,
I. MALDONADO, RECREATION
DIRECTOR FELTS, ET AL.,

    Defendants.

## CONSENT TO REMOVAL

    Defendants New Mexico Corrections Department, Gregg Marcantel, Ellen Gonzales, Sean Shannon, Jerry Roark, Larry Phillips and Valerie Naegele hereby consent to the removal of this action (No. D-101-CV-2013-2834) pursuant to 28 U.S.C. § 1446(b)(2)(C).

Signed by:

*/s/ Michelle Bowdon*

Michelle Bowdon, Esq.
Deputy General Counsel
New Mexico Corrections Department
P.O. Box 27116
Santa Fe, NM 87502
*Attorneys for NMCD, Gregg Marcantel, Ellen Gonzales, Sean Shannon,
Jerry Roark, Larry Phillips and Valerie Naegele*



EXHIBIT C



EXHIBIT D

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Scott M. Thornton

### DEFENDANTS
GEO Group, Inc., et al.

**(b)** County of Residence of First Listed Plaintiff: Lea County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Out of State
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Thornton #44558, Plaintiff Pro Se
Lea County Correctional Facitliy
6900 W. Millen Dr., Hobbs, NM 88244

Attorneys *(If Known)*
April D. White, Yenson Allen & Wosick, P.C, 4908 Alameda, Blvd., NE, Albuq, NM 87113 (505) 266-3995 and Michelle Bowdon, NMCD, P.O. Box 27116, Santa Fe, NM 87502 (505) 827-8690

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☒ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1331

Brief description of cause:
Plaintiff is challenging conditions of his confinement.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/03/2014

SIGNATURE OF ATTORNEY OF RECORD: Electronically Filed /s/ April D. White

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____