## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SCOTT THORNTON,

      Plaintiff,

v.                                 No. CV 14-893 MCA/CG

GEO GROUP, INC., et al.,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff Scott M. Thornton's *Objection to Removal of Action from State Court by Geo Group, Inc. Defendants and Voluntary Withdrawal of Constitutional Claims Raised in Supplemental Complaint Against Geo Group, Inc. Defendants* ("Motion to Remand"), filed on October 14, 2014, (Doc. 3)[1]; *Geo Defendants' Response to Plaintiff's Objection to Removal of Action [Doc. 3]*, filed October 28, 2014, (Doc. 7), and *NMCD Defendants' Response to Plaintiff's Objection to Removal of Action from State Court by Geo Group, Inc. Defendants and Voluntary Withdrawal of Constitutional Claims Raised in Supplemental Complaint Against Geo Group, Inc. Defendants (Doc. 3)*, filed October 28, 2014, (Doc. 9) (together the "Responses"); and Plaintiff's *Reply to Geo Defendants' Response to Plaintiff's Objection to Removal of Action [Doc. 3]*, filed November 6, 2014, (Doc. 14), and Plaintiff's *Reply to NMCD Defendant's Response to Plaintiff's Objection to Removal of Action from State Court*

---

[1] Petitioner is a pro se litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). The Court has reviewed the filing and will construe it as a Motion to Remand pursuant to 28 U.S.C. § 1447, and a request to voluntarily dismiss some claims under FED.R.CIV.P. 41.

*(Doc. 9)*, filed November 10, 2014, (Doc. 15) (together the "Replies").

United States Chief District Judge M. Christina Armijo referred this matter to the undersigned to perform any legal analysis required to recommend an ultimate disposition of the case. (Doc. 13). Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Plaintiff's Motion to Remand be denied, but that Plaintiff be given the opportunity to clarify which federal claims he wishes to voluntarily dismiss in light of his request to return to state district court.

## I.      Background

Plaintiff, a pro se litigant, was a prisoner in the custody of the New Mexico Corrections Department ("NMCD") residing at the Lea County Correctional Facility ("LCCF") in Hobbs, New Mexico. (Doc. 11-1 at 3). On October 31, 2013, Plaintiff filed the *Complaint for Declaratory/Injunctive Relief and Compensatory Damages* ("Original Complaint"), with the First Judicial District Court for the State of New Mexico ("state district court"). *Id.* at 3–13. Plaintiff brought suit against Geo Group, Inc., in addition to several Geo Group, Inc. employees—Walter Cooper, Dwayne Burris, L. Elizondo, and Sgt. Felts (together the "Geo I Defendants"), in addition to the New Mexico Corrections Department and Gregg Marcantel (together the "NMCD I Defendants")—and Keefe Commissary Sales. *Id.* He alleged that these defendants committed various acts which violated the New Mexico Tort Claims Act, his constitutional rights cognizable under 42 U.S.C. § 1983, and the Western Interstate Corrections Compact.

The Geo I and NMCD I Defendants subsequently answered the lawsuit, and the

state district court entered a default judgment against Defendant Keefe Commissary Sales on August 7, 2014. (Doc. 11-8 at 25–28). The Geo I Defendants moved for summary judgment on all of Plaintiff's claims brought against them, and on August 1, 2014, the state district court granted the Geo I Defendants' motion for summary judgment in part and dismissed most of the claims against them. *Id.* at 32–36.

After entry of the state district court's order, the following claims remain against the Geo I Defendants: (i) Plaintiff's claim against Defendants Cooper and Burris that they have denied him constitutionally-guaranteed legal access; (ii) Plaintiff's claim against Defendants Elizondo and Cooper that the LCCF grievance policy and procedures violated Plaintiff's Fourteenth Amendment due process rights; and (iii) Plaintiff's state law tort claim against Defendant Cooper for alleged deprivation of outdoor recreation. (Doc. 11-8 at 32–35). The two claims brought against the NMCD I Defendants are also intact: (i) Plaintiff's claim that the NMCD I Defendants created departmental policies designed to obstruct Plaintiff's constitutional right of access to the courts; and (ii) Plaintiff's claim that Defendant Marcantel denied Plaintiff access to an inmate grievance procedure that complies with the Due Process Clause and the First Amendment.

At a hearing on July 16, 2014, the state district court orally agreed to allow Plaintiff to amend the Original Complaint and add more parties to the case at any time in the future. (Doc. 11-8 at 38). Plaintiff subsequently filed the *Motion to Supplement Complaint*, (Doc. 11-11 at 46–47), which the state district court granted on September 4, 2014. (Doc. 11-12 at 20–21). On September 19, 2014, Plaintiff filed the *Supplemental Complaint*, adding eight new Geo Group, Inc. employees as defendants—James Janecka, Deputy Warden Beaird, Captain Condarco, Lieutenant Ply, Officer Gonzales, Sargeant Gomez, I.

3

Maldonado, and Recreation Director Felts (together the "Geo II Defendants")[2]—as well

as five NMCD employee defendants—Ellen Gonzales, Sean Shannon, Jerry Roark, Larry

Phillip, and Valerie Naegle (together the "NMCD II Defendants"). (Doc. 11-14 at 48–55).

Plaintiff asserts the following claims against the new defendants: (i) that

Defendants Gonzales and Shannon failed to provide Plaintiff with legal assistance and

access in violation of the Equal Protection Clause and the Fourteenth Amendment; (ii)

that Defendants Condarco, Gonzales, and Ply fabricated accusations against Plaintiff,

segregated Plaintiff, and retaliated against Plaintiff in violation of his Eighth and

Fourteenth Amendment rights; and (iii) that Defendant Maldonado has not provided an

appropriate accounting of all of the debits taken from Plaintiff's inmate account.

The NMCD II Defendants answered the Supplemental Complaint on October 2,

2014, (Doc. 11-15 at 25–32), and the lawsuit was removed to this Court the next day by

the Geo II Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.[3] (Doc. 1). The Geo II

Defendants alleged that this Court has jurisdiction over this case under 28 U.S.C. § 1331

because Plaintiff raises federal constitutional claims in both the Original and

Supplemental Complaints. (Doc. 1 at 2).

Plaintiff subsequently filed the Motion to Remand, requesting that the Court

remand his case to state district court, while also stating his willingness to voluntarily

---

[2]  Defendant Ply has purportedly not been served with, or answered, this lawsuit, and therefore any
reference to "the Geo II Defendants" excludes reference to Defendant Ply. (Doc. 1 at 2).

[3]  The Geo II Defendants claimed that removal was proper "[p]ursuant to 28 U.S.C. §§ 1441(b) and 1446,"
(Doc. 1 at 1), but then maintain that removal is based on the Court's original jurisdiction over Plaintiff's
federal constitutional claims under 28 U.S.C. § 1331. (Doc. 1). The Geo II Defendants do not raise any
factual allegations that the Court possesses diversity jurisdiction in this case pursuant to § 1441(b), and
Plaintiff does not challenge the impropriety of removal on this basis. Therefore the Court interprets the Geo
II Defendants' citation to § 1441(b) as a scrivener's error, and will construe the *Notice of Removal* as being
brought under § 1441(a) and (c).

dismiss the constitutional claims which gave rise to removal. (Doc. 3 at 1). Defendants respond that despite Plaintiff's attempt to dismiss his federal claims against the newly-added defendants, the Court retains jurisdiction over this case. (Doc. 7, Doc. 9).

## II.  Standard of Review

A defendant may remove a civil action from a state court to federal court when the proceeding involves a claim over which the district court of the United States would have original jurisdiction. 28 U.S.C. § 1441(a) and (c). A claim that arises "under the Constitution, laws, or treaties of the United States" is one over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1331.

Removal of a case from state court to a federal court is effectuated when a party files "in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, No. 13-719, 2014 WL 7010692, at *3 (U.S. Dec. 15, 2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal must be filed the earlier of 30 days after the receipt by the defendant of a copy of the pleading setting forth the claim upon which the civil action is based, or within 30 days after service of summons upon the defendant if the pleading has been filed in court and is not required to be served on the defendant. 28 U.S.C. § 1446(b)(1). When a civil action is removed under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

A court must ensure that it has jurisdiction over a removed cause of action. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (stating that a federal court

has the duty to raise and resolve any question of jurisdiction and must dismiss the cause of action if "it becomes apparent that jurisdiction is lacking."). However, "[n]onjurisdictional defects must be raised within 30 days after the filing of the notice of removal or they are waived." *Sheldon v. Khanal*, No. 10-3237, 502 Fed. Appx. 765, 770 (10th Cir. Nov. 20, 2012) (unpublished) (citing 28 U.S.C § 1447(c)). Removal statutes are to be strictly construed and all doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The party invoking federal jurisdiction has the burden of establishing its propriety. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

## III.   Analysis

Plaintiff contends that remand of this case to state court is appropriate because removal of the case to this Court was improper for two reasons. First, Plaintiff argues that because he did not add any new federal constitutional claims through the Supplemental Complaint—only new defendants and state law claims—removal was untimely. Second, he maintains that the Geo II Defendants did not obtain the consent of all of the NMCD defendants prior to removal. In the event the Court disagrees with his arguments, he offers to voluntarily withdraw some or all of the federal constitutional claims asserted in the Supplemental Complaint.

Defendants oppose Plaintiff's Motion to Remand on the basis that the Geo II Defendants, as later-added parties in this action, were authorized to remove this case to federal court within 30 days after they waived service of the Supplemental Complaint. They also argue that all of the NMCD Defendants properly consented to the removal of

this action. In addition, they contend that Plaintiff should not be permitted to frustrate federal court jurisdiction by dismissing only some of those claims or causes of action that form the basis for this Court's jurisdiction.

      A.    <u>*The Geo II Defendants Properly Removed This Action*</u>

Plaintiff challenges the removal of this case as being untimely. Defendants respond that the claims against the Geo II Defendants are largely distinct from those asserted in the Original Complaint, and that the Geo II Defendants were permitted to remove this case to federal court as later-served defendants.

Section 1446 authorizes later-served defendants to file a notice of removal, within the earlier of 30 days after receiving a copy of the pleading setting forth the claims, or within 30 days after service of summons upon the defendant if the pleading has been filed in court and is not required to be served on the defendant. 28 U.S.C. § 1446(b)(1). All defendants who have been properly joined and served must join in or consent to the removal of the action. § 1446(b)(2)(A). A later-served defendant may remove the case to federal court with the consent of earlier-served defendants, even if those earlier-served defendants did not previously initiate or consent to removal. § 1446(b)(2)(C).

On August 25, 2014, Plaintiff filed a written motion to supplement the Original Complaint. (Doc. 11-11 at 46–47). The state district court granted his *Motion to Supplement Complaint* on September 4, 2014, ordering the Supplemental Complaint be "efiled by the Court and eserved" to the Geo I and NMCD I Defendants.[4] (Doc. 11-12 at 20). The state district court further ordered Plaintiff to serve "any person who has not

---

[4] The state district court noted that Plaintiff's intention to supplement his Original Complaint had been discussed at a hearing on July 16, 2014. (Doc. 11-12 at 20).

entered an appearance." *Id.* Plaintiff subsequently filed the Supplemental Complaint on September 19, 2014 in the state district court. (Doc. 11-14 at 48). The Geo II Defendants waived service of process of the Supplemental Complaint on September 26, 2014, (Doc. 1 at 2), and removed the case to this Court on October 3, 2014, which was within the 30-day deadline proscribed in 28 U.S.C. § 1446(b)(1).

In the *Notice of Removal*, the Geo II Defendants claimed that this Court has jurisdiction over the federal constitutional claims asserted by Plaintiff pursuant to 28 U.S.C. § 1331. Plaintiff concedes that he has raised several federal constitutional claims. However, he argues that removal of this case was untimely because he has not added any new federal constitutional claims, only new defendants.

Plaintiff explains that he only raised two new and distinct claims, the first being a claim of retaliation and the second being inappropriate accounting practices, which are both state law claims. (Doc. 14 at 1–2). He alleges that the Supplemental Complaint only expounds upon the federal claims previously raised in the Original Complaint, and that the Geo II and NMCD II Defendants had "personal involvement in Plaintiff's original claims." Therefore, he reasons, the timing of the service of the Geo II Defendants to this lawsuit should "relate back" to the date of the filing of the Original Complaint. (Doc. 14 at 3). Plaintiff urges the Court to start the clock from October 31, 2013, and not the date that the newly-added defendants waived service of process. He alleges that the test the Court must use to determine the Geo II Defendants' deadline to remove this case is whether the claims in the Supplemental Complaint would have been admissible into evidence at trial had the Supplemental Complaint never been filed. (Doc. 15 at 4).

As explained above, § 1446 permits removal by a later-served defendant, and

8

provides time limits by which removal must be effected by such a defendant. The removal statute does not contain a "relate back" provision to apply to circumstances similar to those presented in this case. Plaintiff provides the Court with no legal authority in support of his arguments, and the Court has found none. Therefore, the Court finds that the Geo II Defendants' removal of this proceeding was proper pursuant to § 1446.

Plaintiff also contests removal on the basis that the Geo II Defendants did not obtain the consent of the NMCD Defendants prior to removal. The Geo II Defendants attached the *Consent to Removal*, signed by counsel for the NMCD Defendants, with the *Notice of Removal* that was filed in this Court and the state district court. (Doc. 1-1 at 9; Doc. 11-15 at 54). Plaintiff alleges that the NMCD Defendants could not consent to removal because they previously waived service of the Supplemental Complaint. Plaintiff maintains that the Supplemental Complaint was served on the NMCD Defendants on August 15, 2014, and therefore the NMCD Defendants' consent to removal was outside of the 30-day deadline.

However, the record demonstrates that the state district court did not enter its written order permitting supplementation of the Complaint until September 4, 2014, and Plaintiff did not file the Supplemental Complaint in the state district court until September 19, 2014. Again, Plaintiff provides no legal authority that the Court should depart from the requirements set forth in the removal statute and adopt his proffered theory for calculating the consent deadline, or for his argument that the NMCD Defendants' consent was statutorily time-barred, and the Court has found none. Therefore, the Court concludes that the Geo II Defendants obtained the consent of the NMCD Defendants as required by § 1446.

9

In sum, the Geo II Defendants removed this lawsuit because Plaintiff raised several questions of federal law. The Original and Supplemental Complaints, on their face, contain claims that arise under federal law. Given that the Geo II Defendants' *Notice of Removal* was filed within the statutory deadline, and the Geo II Defendants obtained consent of removal from the NMCD Defendants in compliance with § 1446, the Court possesses original jurisdiction over this matter and removal was proper.

B.     *Plaintiff's Voluntary Dismissal of Certain Federal Claims*

Plaintiff offers to dismiss certain federal claims to defeat federal court jurisdiction so that he can continue to pursue this matter in state court. Defendants argue that Plaintiff should not be permitted to avoid federal jurisdiction through piecemeal dismissal of his federal claims. This Court will therefore address whether it is proper to grant Plaintiff's motion to dismiss in light of his preference to return to state court.

In the Motion to Remand, Plaintiff begins by stating his intention to dismiss all of the federal constitutional claims in the Supplemental Complaint that give rise to this Court's jurisdiction. (Doc. 3 at 1). However, later in the same document, he explains that he only wishes to dismiss the federal claims he has brought against the Geo II Defendants.[5] *Id.* He explains that the Court cannot retain jurisdiction over the federal claims asserted against the other defendants because they were non-removing parties, and therefore, remand is appropriate. *Id.* In the Replies, Plaintiff changes course and explains that he does not need to withdraw any of his federal constitutional claims,

---

[5]  Plaintiff offers to "voluntarily withdraw[] all reference in his Supplemental Complaint to federal constitutional claims against Geo Group Defendants." (Doc. 3 at 2). He further alleges that with his "withdrawal of federal constitutional claims from his Supplemental Complaint, leaving only the state-law claims, jurisdiction under §1331 cannot be invoked by Geo Group Defendants" *Id.* at 2–3.

because "nothing in [his] Supplemental Complaint is truly 'new' or 'distinct' from the claims in his Original Complaint."[6]  (Doc. 15 at 4).

Defendants contend that Plaintiff may not frustrate federal court jurisdiction by dismissing claims or causes of action that form the basis for jurisdiction. The presence of a federal claim gives the Court supplemental subject-matter jurisdiction over state law claims under 28 U.S.C. § 1367. *Kaplan v. GMAC Mortgage Corp.*, No. 11-cv-00100-MSK-MEH, 2011 WL 3793760, at *2 (D.Colo. Aug. 24, 2011) (unpublished). Therefore, even if Plaintiff were to withdraw his federal claims against the Geo II Defendants, the Court may retain supplemental jurisdiction over the entire cause because the federal claims against the Geo I Defendants and the NMCD Defendants remain. The NMCD Defendants likewise agree that because Plaintiff has only asserted federal constitutional law claims against the NMCD II Defendants, those federal claims provide an independent basis for the Court's jurisdiction even if Plaintiff dismissed his federal claims against the Geo Defendants. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985) ("When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right.") (quotations and alterations omitted).

Plaintiff stated his intention to dismiss all federal claims giving rise to this Court's jurisdiction in the Supplemental Complaint, but also that he does not believe he needs to dismiss any claims because he is entitled to remand due to procedural defect. The Court

---

[6]  Plaintiff also states that his claims against Geo Group Defendants, Captain Condarco, and Officer Gonzales are claims brought under state law, but that if this Court retains this case he would expand those claims "to consider potential constitutional violations under 1st, 8th, and 14th Amendments." (Doc. 15 at 3). The Court will not construe Plaintiff's statement as a motion to amend the Complaint. If Plaintiff wishes to bring additional claims after the Court enters its ruling on the Motion to Remand, Plaintiff should file a separate document requesting leave to amend his Complaint in accordance with the Rules.

has determined that none of the alleged procedural defects raised by Plaintiff warrant remand. While the Court may construe a pro se litigant's pleadings liberally, in this instance clarification is necessary, especially since an order from the Court is required to dismiss any of Plaintiff's federal claims. *See* FED.R.CIV.P. 41(a)(2).

As such, the Court recommends that Plaintiff be given the opportunity to clarify which claims, if any, he wishes to voluntarily dismiss pursuant to FED.R.CIV.P. 41(a)(2) at this time. The best procedure will be to require Plaintiff to clearly and unequivocally signify the withdrawal of those claims in a separately-filed document, and be given 14 days within which to file this document. If the Plaintiff fails to timely respond then the Court will not dismiss any of Plaintiff's claims. However, if Plaintiff elects to maintain all or some of the federal constitutional claims, the Court recommends that this action be retained on its docket.

If Plaintiff chooses to dismiss all of the federal claims against all Defendants, then the Court will consider whether it would be prudent to exercise pendant jurisdiction over his remaining state law claims, dismiss them without prejudice, or grant his Motion to Remand. 28 U.S.C. § 1367(c)(3); *see also Sanchez v. Pitre, Inc.*, 938 F. Supp. 2d 1199, 1202–03 (D.N.M. 2013) (noting that the Court has discretion to decline to exercise jurisdiction where all claims over which it has original jurisdiction have been dismissed). A court may exercise pendant jurisdiction over state law claims whenever federal law and state law claims "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). When deciding whether to exercise pendant jurisdiction over state-law claims, "a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v.*

12

*Cohill*, 484 U.S. 343, 350 (1988). Moreover,

> [w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Id.* The same considerations should factor into a court's decision to remand the case, rather than dismissing the state law claims without prejudice. *Id.* at 357.

## IV.    Recommendation

The Court finds that the Geo II Defendants properly removed this case from state court to federal court, and that it has jurisdiction over Plaintiff's federal claims. However, because Plaintiff requests the Court remand this case back to state district court, and indicates a willingness to withdraw all or some of his federal claims, Plaintiff will be given an opportunity to clarify which claims he wishes to dismiss at this time.

**IT IS HEREBY RECOMMENDED** that Plaintiff's *Motion to Remand*, (Doc. 3), be **DENIED**. If Plaintiff wishes to dismiss his federal constitutional claims and only proceed on his state law claims, he must unequivocally withdraw those claims via a one-page document within the 14-day period allotted for the filing of objections to these findings.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE