IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


SCOTT M. THORNTON,

    Plaintiff,

    v.                                                                     No. CIV 14-0893 MCA/CEG

GEO GROUP, INC., NEW MEXICO
CORRECTIONS DEPARTMENT,
GREGG MARCANTEL, SECRETARY
OF CORRECTIONS, WALTER
COOPER, PROGRAMS WARDEN,
DWAYNE BURRIS, L. ELIZONDO,
GRIEVANCE OFFICER, SGT. FELTS,
KEEFE COMMISSARY SALES,
JAMES JANECKA, LCCF WARDEN,
DEPUTY WARDEN BEAIRD, SECURITY,
CAPTAIN CANDARCO, LT. PLY,
OFFICER GONZALES, H.U.-4,
SGT. GOMEZ, ALT. GRIEVANCE OFFICER,
I. MALDONADO, INMATE ACCOUNTS MANAGER,
ELLEN GONZALES, CORRECTIONS
COMPACT COORDINATOR,
SEAN SHANNON, LEGAL ACCESS MONITOR,
JERRY ROARK, DIRECTOR OF ADULT PRISONS,
LARRY PHILLIPS, GRIEVANCE APPEALS MANAGER,
VALERIE NAEGELE, NMCD CONTRACT MONITOR,

    Defendants.


MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's removed complaint and two supplemental complaints. Plaintiff is incarcerated and appears pro se. The state court granted Plaintiff free process (CM/ECF Doc. 11-1, p. 25), and, based on the financial information in the state court record, this Court will grant him leave to proceed under 28 U.S.C. § 1915. Also before the Court

are Plaintiff's Motion for Extension of Time (Doc. 12), United States Magistrate Judge E. Carmen Garza's Proposed Findings and Recommended Disposition (Doc. 19), Defendant Keefe Commissary Sales' Motion to Set Aside Default Judgment (Doc. 29), and Plaintiff's Reaffirmation of Certain Claims, Voluntary Withdrawal of Other Claims, and Request for Hearing(s) on Unresolved Matters (Doc. 30).  For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In the state court proceeding, Plaintiff filed a complaint (CM/ECF Doc. 11-1, pp. 3-13), a first supplemental complaint (CM/ECF Doc. 11-2, pp. 7-23), and a second supplemental complaint (CM/ECF Doc. 11-14, pp. 48-55).  When Defendants removed the action, Plaintiff was confined in the Lea County, New Mexico, Correctional Facility as a transferee from Oklahoma. According to the docket (Docs. 17, 21), he has since been transferred back to Oklahoma.  In Plaintiff's pleadings, he names a number of Defendants who have allegedly violated certain of his

rights under various federal and state laws.  In his original complaint, Plaintiff makes claims of denial of access to the courts, adequate grievance procedures, recreation, and safe living conditions; violations of the Western Interstate Corrections Compact; unlawful strip-searches; understaffing; and inflated commissary prices.  The first supplemental complaint adds a claim of denial of access to grievance procedures and one for retaliation.  In the second supplemental complaint, he adds claims for denial of equal protection, retaliation, and confiscation of property without due process.  The state court granted summary judgment (Doc. 11-8 at CM/ECF pp. 32-37) in favor of certain Defendants on a number of Plaintiff's claims.   Plaintiff's pleadings seek declaratory and injunctive relief as well as damages.

As a starting point, the Court will not remand this action to the state court.  Magistrate Judge Garza's Proposed Findings and Recommended Disposition ("PFRD") recommends that Plaintiff's Objection to Removal From State Court, construed as a motion to remand, be denied.  Plaintiff's only objection to the PFRD is that its "Background" section fails to identify his retaliation claim against Defendant Elizondo.   On de novo review of this portion of the PFRD and Plaintiff's pleadings, see 28 U.S.C. § 636(b)(1), the Court determines that this objection does not "focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).   The disposition recommended by Magistrate Judge Garza rests on the fact that "[t]he Original and Supplemental Complaints, on their face, contain claims that arise under federal law" and does not parse Plaintiff's separate claims against individual Defendants.  The "Background" section of the PFRD merely summarizes Plaintiff's claims, noting that "[Plaintiff] alleged that these defendants [including Elizondo] committed various acts which violated . . . his constitutional rights."  Plaintiff's single objection to the PFRD is irrelevant to factual or legal issues in the removal of his

complaint from state court.  The Court will therefore overrule his objection, adopt the PFRD, and deny remand.

In each of his pleadings, Plaintiff seeks declaratory and injunctive relief.  As noted above, Plaintiff has been transferred back to Oklahoma, and, as a result, he can no longer maintain his interrelated claims for declaratory and injunctive relief.  *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (ruling that a prisoner's transfer from one prison to another moots claims for declaratory and injunctive declaratory relief against officials at the prior prison).  "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' "  *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (second brackets in *Cox* opinion).  "[H]ere declaratory relief would be superfluous in light of the damages claim."  *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).  Because the record contains no assertion or other indication that Plaintiff might again be transferred to the custody of the New Mexico Defendants, the Court will dismiss his claims for declaratory and injunctive relief.

In his Motion for Extension of Time (Doc. 12), Plaintiff seeks additional time to file a reply to Defendant GEO Group's answer to his supplemental complaint.  More time has passed than Plaintiff requested in the motion.  The Court will deny the motion as moot.

On August 7, 2014, the clerk of the state district court filed a default judgment against Keefe Commissary Sales, LLC ("KCS") (CM/ECF Doc. 11-8, pp. 25-26).  After the case was removed to this Court, on February 19, 2015, KCS filed its motion to set aside the default judgment.  According to Plaintiff's "Proof of Service" (Doc. 11-1, pp. 57, 60), he mailed summons and complaint to Defendant KCS at a P.O. Box in St. Louis, Missouri.  The USPS

return-receipt form contains an illegible signature and no indication of the signor's authority to accept service for the corporation.  The state court record, likewise, contains no indication that simply mailing summons to a corporate P.O. Box complies with rule 1-004 of the New Mexico Rules of Civil Procedure.  The state court, with no supporting factual findings regarding sufficiency of service of process on KCS, found that "service of process was duly made." Defendant's motion to set aside the default judgment asserts that Plaintiff's service of process was insufficient and that both the state court and this Court lack personal jurisdiction of KCS.

"The court . . . may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Grounds for relief under rule 60(b) include mistake and voidness.  *See* Fed. R. Civ. P. 60(b)(1), (4).  Both of these grounds are found here.  First "an entry of default against [a defendant], before it had any obligation to file an answer, would have been incorrect as a matter of law."  *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).  And because service was not effected, the default judgment against KCS is void.  "[A] *default* judgment in a civil case is void if there is no personal jurisdiction over the defendant."  *United States v. Kramer,* 225 F.3d 847, 851 (7th Cir. 2000), *quoted in United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004) (adding italics)).  The Court will set aside the default judgment entered against Defendant KCS.

On May 12, 2015, Plaintiff filed a Reaffirmation of Certain Claims, Voluntary Withdrawal of Other Claims, and Request for Hearing(s) on Unresolved Matters (Doc. 30).  In this document, Plaintiff lists and "reaffirms" a number of claims from his pleadings.  He also withdraws "any remaining claims [that] are distinguishable, and are unnecessary in proving those [reaffirmed] claims."  He specifically does not reaffirm his claims against Defendant Ply, who has not appeared in this proceeding.  At this stage of the litigation, Plaintiff may withdraw claims only "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  With the

5

exception of Plaintiff's claims against Defendant Ply, *see Plains Growers, Inc., ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) ("[Rule 41(a)] was intended by the rule-makers to permit dismissal against [some] defendants . . ., despite the fact that the case might remain pending against other defendants."), the Court declines Plaintiff's invitation to determine at this stage which of his other claims are "distinguishable and unnecessary."  The Court will, of course, consider a motion by Plaintiff to dismiss any specific claims that he chooses to forgo.   No opinion is expressed or implied in this order with respect to the merits of Plaintiff's remaining claims for damages, although his allegations appear to survive scrutiny under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6).   Hearings will be set by the Court as appropriate.

IT IS THEREFORE ORDERED that Plaintiff is GRANTED leave to proceed under 28 U.S.C. § 1915;

IT IS FURTHER ORDERED that United States Magistrate Judge Carmen E. Garza's Proposed Findings and Recommended Disposition (Doc. 19) is ADOPTED as the Order of the Court, and Plaintiff's Objection to Removal From State Court (Doc. 3) is construed as a motion to remand and is DENIED;

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time (Doc. 12) is DENIED as moot;

IT IS FURTHER ORDERED that Defendant Keefe Commissary Sales' Motion to Set Aside Default Judgment (Doc. 29) is GRANTED, and the default judgment (CM/ECF Doc. 11-8, pp. 25-26) filed by the state court on August 7, 2014, is SET ASIDE;

IT IS FURTHER ORDERED that Plaintiff's withdrawal of certain claims (Doc. 30) is construed as a motion to dismiss under rule 41(a)(2) of the Federal Rules of Civil Procedure and is

GRANTED in part and DENIED in part, his claims against Defendant Ply are DISMISSED, and Defendant Ply is DISMISSED as a party to this action;

IT IS FINALLY ORDERED that Plaintiff's claims for declaratory and injunctive relief are DISMISSED as moot.

_____
UNITED STATES DISTRICT JUDGE