FILED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

SEP **2 3** 2016

MATTHEW J. DYKMAN
CLERK

SCOTT THORNTON,

      Plaintiff,

v.                                                                    No. CV 14-893 MCA/CG

GEO GROUP, INC., et al.,

      Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on May 16, 2016. (Doc. 47). In the PFRD, the Magistrate Judge concluded that Plaintiff Scott Thornton failed to show that any genuine dispute over a material fact exists as to any of his claims, and recommended that all claims against all the Defendants be dismissed with prejudice, except for Plaintiff's negligence claim against Defendant Walter Cooper, which the Court recommended be dismissed without prejudice.

The parties were notified that written objections to the PFRD were due within 14 days. (Doc. 47 at 30). Defendant Cooper filed *Defendant Cooper's Objection to Proposed Findings and Recommended Disposition*, (Doc. 48), on May 26, 2016. Plaintiff has not filed a response, and the deadline for doing so has passed. After a *de novo* review of the record and the PFRD, the Court adopts Judge Garza's PFRD in its entirety.

## I.    Background

Plaintiff is a pro se litigant who was previously incarcerated at the Lea County

Correction Facility in Hobbs, New Mexico. Plaintiff originally filed a *Complaint for*

*Declaratory/Injunctive Relief and Compensatory Damages* (the "Original Complaint") in

the First Judicial District Court for the State of New Mexico ("state district court") on

October 31, 2013. Plaintiff brought suit against several employees of the GEO Group,

Inc, including Walter Cooper, the New Mexico Corrections Department ("NMCD") and

one of its employees, and Keefe Commissary Sales. Plaintiff alleged that the

Defendants violated the New Mexico Tort Claims Act ("NMTCA"), his constitutional

rights under 42 U.S.C. § 1983, and the Western Interstate Corrections Compact.

The state district court granted Defendants' motion for summary judgment and

dismissed most of Plaintiffs claims on August 1, 2014. (Doc. 11-8 at 32-36). However,

several federal law claims remained against Defendants and, as is relevant here, the

state law tort claim under the NMTCA against Defendant Cooper for alleged deprivation

of outdoor recreation. (Doc. 11-8 at 32-35). Subsequently, Plaintiff filed a *Supplemental*

*Complaint* on September 19, 2014, adding additional parties and claims against those

parties. (Doc. 11-8 at 48-55).

The lawsuit was removed to this Court on October 3, 2014. (Doc. 1). On July 2,

2015, Judge Garza ordered the Defendants to file *Martinez* Reports. (Doc. 32).

Thereafter, GEO Group, Inc., Walter Cooper, Dwayne Burris, L. Elixondo, Sergeant

Felts, Warden Janecka, Deputy Warden Beaird, Captain Condarco, I. Maldonado,

Officer Gonzales, Recreational Director Felts, and Sergeant Gomez (the "GEO

Defendants") filed their *Martinez* Report and requested that the Court construe the

Report as a motion for summary judgment. The GEO Defendants allege that Plaintiff did not state a claim for relief. (Doc. 34 at 1). Gregg Marcantel, Jerry Roark, and Ellen Gonzalez (the "NMCD Defendants") asked that the Court construe their *Martinez* Report as a motion to dismiss/motion for summary judgment, maintaining that Plaintiff failed to state a claim for relief. (Doc. 35 at 2). Finally, Defendant Keefe filed a *Motion for Summary Judgment* stating that there is no recognized claim for a constitutional violation with regard to prison commissaries. (Doc. 37 at 1). Judge Garza concluded that all but one of Plaintiff's claims should be dismissed with prejudice because Plaintiff failed to state a claim for relief. However, Judge Garza determined that Plaintiff's claim against Defendant Cooper should be dismissed without prejudice, because with the dismissal of the federal claims the Court no longer has jurisdiction over the state law claim. (Doc. 47 at 27-28).

## II.   Objections

### A. *Law Regarding Objections*

Once a magistrate judge files her recommended disposition, a party may file written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (internal citations omitted).

When resolving objections to a magistrate judge's recommendation, the district judge must make a *de novo* determination regarding any part of the recommendation to

which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. FED. R. CIV. P. 72(b)(3).

### B. Defendant Cooper's Objection

The Court has only received an objection from Defendant Cooper with regard to Plaintiff's claims against him. In the Complaint, Plaintiff alleged that Defendant Cooper knowingly deprived him of outdoor recreation time. (Doc. 11-1 at 8). Judge Garza construed this as a civil claim for negligence pursuant to NMTCA. Judge Garza dismissed this count without prejudice, finding that the Court no longer had supplemental jurisdiction over the claim because she dismissed all of Plaintiff's federal claims with prejudice. (Doc. 47 at 27-28).

Defendant Cooper objects to Judge Garza's recommendation that the Court lacks jurisdiction to dismiss Plaintiff's negligence claim with prejudice. (Doc. 48 at 1). Defendant Cooper claims that the Court has supplemental jurisdiction over the negligence claim because it appears to arise from the same nucleus of operative facts as the federal claims in the Complaint, and therefore, the Court has the discretion to rule on this state claim. (Doc. 48 at 1-2). Defendant Cooper alleges that Judge Garza mistakenly relied on *Estate of Harshman v. Jackson Hole Mountain Resort Corp*, 379 F.3d 1161 (10th Cir. 2004), for the proposition that the Court lacks the jurisdiction to rule on the merits of the state law claim after dismissing the federal claims. (Doc. 48 at 2). Defendant Cooper additionally argues that the Court should rule on the merits of the negligence claim based on the "values of economy, convenience, fairness, and comity."

4

(Doc. 48 at 2, quoting *Bragg v. Chavez*, No. CIV 07-0343 JB/WDS, 2007 WL 5232464, at *28 (D.N.M. Aug. 2, 2007) (unpublished)).

In the PFRD, Judge Garza explained that a federal court may exercise supplemental jurisdiction over state law claims if the state claims are "part of the same case or controversy" over which the court possesses original jurisdiction. 28 U.S.C. § 1367 (a). When "state and federal claims . . . derive from a common nucleus of operative fact[s][,]" a court may exercise a specific type of supplemental jurisdiction, pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). However "[e]ven where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004).

The Supreme Court has stated that "supplemental jurisdiction is not a matter of the litigant's right, but of judicial discretion. *Id.* (citing *City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997); *Gibbs*, 383 U.S. at 726). Because the exercise of supplemental jurisdiction is in the district court's discretion, the statute provides that a court may decline to exercise supplemental jurisdiction where

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(3). Generally, if the federal claims in a case are dismissed prior to trial, the state law claims will also be dismissed. *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Although the Court has the discretion to try

5

state claims absent federal claims, that "discretion should only be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Id.*

Here, Judge Garza dismissed all of Plaintiff's federal claims with prejudice, leaving only the state law negligence claim. Judge Garza declined to exercise supplemental jurisdiction over that claim. Therefore, Judge Garza dismissed the state law claim without prejudice to enable Plaintiff to re-file in state court.

This Court agrees with Judge Garza's analysis. As an initial matter, although the specific question in *Harshman* was whether the court had jurisdiction over a pendent state law claim once the court dismissed the federal claims for lack of subject matter jurisdiction, Judge Garza correctly cited *Harshman* for the general propositions of supplemental jurisdiction.  Given the Tenth Circuit's position that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims[,]" the Court agrees that it was appropriate to dismiss the remaining state law claim without prejudice. *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

Defendant Cooper asserts that the §1367(c) factors "weigh heavily in favor of the exercise of supplemental jurisdiction[.]" (Doc. 48 at 3). Defendant Cooper points out that the issue (1) is not one that is novel or complex; (2) does not predominate over the other causes of action; and (3) "the values of economy, convenience, fairness[,] and comity counsel in favor of the exercise of jurisdiction[.]" (Doc. 48 at 3).

This Court disagrees. Once federal claims have been dropped from a lawsuit,

6

> the most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice – that is the seminal teaching of *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), reconfirmed in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) and repeated in a host of cases such as *Sawyer v. County of Creek*, 908 F.3d 663, 668 (10th Cir. 1990).

*Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995). Here, given that this Court is accepting Judge Garza's recommendation and dismissing Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim. Although it might be easier for Defendant Cooper if the Court decided the claim on the merits, the concepts of comity and federalism "demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Id.* Defendant Cooper produced a large quantity of material for the *Martinez* Report; however, Judge Garza recommended granting summary judgment prior to trial and Defendant Cooper has not articulated a compelling reason for this Court to ignore Tenth Circuit guidance and continue to exercise jurisdiction over the state claim. Therefore, the Court will dismiss Plaintiff's negligence claim against Defendant Cooper without prejudice.

### III.    Conclusion

For the reasons stated above, the Court will **ADOPT** the Magistrate Judge's recommendations in the PFRD. **IT IS THEREFORE ORDERED** that:

a. *GEO Defendants' Martinez Report*, (Doc. 34), be construed as a Motion for Summary Judgment and be **GRANTED** in favor of GEO Defendants;

b. NMCD *Defendants' Martinez Report*, (Doc. 35), be construed as a Motion for Summary Judgment and be **GRANTED** in favor of NMCD Defendants;

c. *Keefe Commissary Sales' Motion for Summary Judgment Regarding Civil Rights Violations*, (Doc. 37), be **GRANTED** in favor of Keefe;

d. Plaintiff's Access to the Courts claim against Defendants be **DISMISSED WITH PREJUDICE**;

e.  Plaintiff's grievance claim against Defendants be **DISMISSED WITH PREJUDICE**;

f.  Plaintiff's retaliation claim against Defendants be **DISMISSED WITH PREJUDICE**;

g.  Plaintiff's accounting claim against Defendants be **DISMISSED WITH PREJUDICE**;

h.  Plaintiff's commissary claim against Defendants be **DISMISSED WITH PREJUDICE**;

i.  Plaintiff's negligence claim against Defendants be **DISMISSED WITHOUT PREJUDICE**; and

j.  Defendants Janecka, Beaird, Sergeant Felts, Recreational Director Felts, and Gomez be **DISMISSED WITH PREJUDICE** from this action, and ;

k.  All other relief requested by Plaintiff be **DENIED**.


THE HONORABLE M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE